■ JULIAN F. BEAUDET, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 42848.) — STALEY, JR., J. Cross appeals from a judgment in favor of claimant, entered January 25, 1967, upon a decision of the Court of Claims. Before the appropriation of 1.253 acres of his land for highway purposes connected with Interstate Route 502-3-2.3, the claimant owned 2.748 more or less acres located partly in the Village of Lake George and partly in the Town of Caldwell (now Town of Lake George). The property consisted of nine contiguous lots on the west side of Hubbell Street; four contiguous lots on the east side of Hubbell Street; and one lot on the west side of Smith Street. In addition, he also owned another lot on the west side of Hubbell Street known as Lot No. 57. This lot was located 250 feet southerly of his other lots, and had a width of 50 feet on Hubbell Street and a depth of 354 feet. A right of way 100 feet wide, which had been conveyed to the State by a predecessor in title, bisected the property from Smith Street westerly. Hubbell Street was not opened or improved in front of claimant's lots, but was opened and improved from the northerly line of his property to Montcalm Street. On or about August 16, 1956, the claimant made application to the Village Board to have Hubbell Street opened, and gave notice to the board that he intended to develop the property as a cabin colony and, when ready, would apply for water and sewer extensions to service the property. The village approved this application and claimant commenced making the improvements in the street. Shortly thereafter claimant learned that the State planned to build the "Northway" Interstate Route 502, through this area and was advised by the Department of Public Works that a major portion of his property would be taken for highway purposes, and that he should immediately discontinue his work, which he did. The appropriation took six non-contiguous parcels, abutting the 100 foot right-of-way, consisting of a total of 1.253 acres or 55,581 square feet, leaving Lot 57 and the remaining 1.495 more or less acres or 65,133 more or less square feet in the area of the appropriation without access. Claimant's expert testified that the highest and best use of the property was for a modern motel. In arriving at a before value of $24,500, he considered as comparables the purchases of the land for the King George and George Washington Motels which are located on Route 9 at a considerable distance south of the Village of Lake George. The State's appraiser found the highest and best use of the property to be for residential development. In arriving at his before value of $7,335 he selected from a number of sales a 1956 sale of a lot on Hubbell Street, two lots northerly of claimant's property, which indicated a value of 10 cents per square foot. He also testified that there were sales of about 30 other lots in this area of the village which indicated a value of from 6 to 10 cents per square foot. In arriving at his before value he considered each lot separately, rather than as an assembled parcel and ascribed a square foot value to the areas taken ranging from 1 cent to 10 cents per square foot. In his opinion the total damages were $7,275 of which he assigned $3,405 to direct damages, and $3,870 to consequential damages. The remaining land without access he considered as having a value of $60 as wood lots. The court found that the highest and best use of claimant's property before the appropriation was for residential development, and determined that the before value was $12,000; and the after value was zero. Damages were determined as $5,500 direct damages, and $6,500 consequential damages resulting in an award of $12,000 plus appropriate interest. The only issue raised by the State is that the court, having found the best use to be for residential purposes, could not disregard the only appraisal based on that use, and that the award should be reduced to $7,275, the amount of the State's total value. The court's determination that the highest and best use of this property was for

residential development is fully supported by the evidence. The court properly rejected the claimant's valuations which were based on a use for a modern motel and, upon alleged comparables which, in effect, were not comparable by reason of differences in location, accessibility, and convenience. The contention of the State that the court disregarded the only valuation based on a use for residential development is without merit. The State's own expert testified on cross-examination that with water and sewerage the claimant's land would be worth 10 cents per square foot. The evidence indicates that the village was willing to make water and sewage facilities available along claimant's frontage, and that the claimant had commenced work on these improvements and was advised by the State to discontinue his work. On this evidence the court could properly adopt a valuation of 10 cents per square foot as to all of the claimant's property, except for the area encumbered by the State's right of way. The court then simply adopted a valuation established by the State's expert and applied it based upon the evidentiary facts to claimant's property. The record supports the findings of value made by the court and, accordingly, the judgment should be affirmed. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.